# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,**

    Plaintiff,

v.                                                                                                   **Civil Action No. 3:10-CV-1**
                                                                                                                            **(BAILEY)**

**WASHINGTON MUTUAL BANK, F.A.
and
CHALMER G. ELKINS,**

    Defendants.

## ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT

### I.     Introduction

On this day, the above-styled matter came before this Court for consideration of JP Morgan Chase Bank, NA's ("Chase") Motion to Vacate Default Judgment [Doc. 23]. Therein, Chase requests that pursuant to Rule 55(c) and 60(b)(1) of the Federal Rules of Civil Procedure, this Court vacate the default judgment against Washington Mutual Bank, F.A. ("Washington Mutual") because it, not Washington Mutual, is the proper party to be served. Therefore, Chase argues it was improperly served and that the reasons for failure to respond to the Motion for Default Judgment are based upon mistake, inadvertence, and excusable neglect.

1

II. Factual and Procedural History

On January 7, 2010, the plaintiff filed its Complaint for Declaratory Relief and Interpleader. See Doc. 1. On January 29, 2010, service of a Summons and the Complaint was attempted upon Defendant Washington Mutual by the West Virginia Secretary of State. See Doc. 8. On May 10, 2010, Defendant Chalmer G. Elkins, by Guardian *ad Litem*, B. Craig Manford, filed his Answer to the Complaint and prayed for judgment against Defendant Washington Mutual in the sum certain of $99,630.36, the amount of the funds then being held by Plaintiff Nationwide, representing the entirety of the proceeds for the structure loss at 6984 State Road, West Hamlin, West Virginia. See Doc. 14. Defendant Chalmer G. Elkins served a copy of the Answer of Guardian *ad Litem* upon Defendant Washington Mutual on May 7, 2010. As of July 28, 2010, Defendant Washington Mutual and/or Chase failed to plead, appear or otherwise defend the allegations contained in the Plaintiff's Complaint or the Answer of the Guardian *ad Litem* for Defendant Elkins.

By Order dated February 16, 2010, this Court directed the sum of $99,630.36, representing the entirety of the proceeds for the structure loss at 6984 State Road, West Hamlin, West Virginia, held by the plaintiff be turned over to the Clerk of this Court and deposited into an interest-bearing account. See Doc. 9. The amount of judgment sought by Defendant Chalmer G. Elkins is a sum certain not subject to contest, as it represents the funds payable by Plaintiff Nationwide, representing the entirety of the proceeds for the loss to the structure.

Subsequently, pursuant to Rule 55 of the Federal Rules of Civil procedure, this Court granted default judgment in the amount of $99,630.36, together with any interest accrued thereon, to the GAL to hold in trust for Chalmer G. Elkins until his emancipation. III.

Applicable Law

The decision to set aside default is within the wide discretion of the Court. ***Consol. Masonry & Fireproofing, Inc., v. Wagman Constr. Corp.***, 383 F.2d 249, 251 (4th Cir. 1967). The Court may consider two separate avenues by which to set aside a default judgment. First, pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." In so doing, the United States Court of Appeals for the Fourth Circuit has established six factors for district courts to consider when determining whether "good cause" exists to vacate a default judgment: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of less drastic sanctions. ***Payne, ex. rel. Estate of Calzada v. Brake***, 439 F.3d 198, 204-205 (4th Cir. 2006).

Second, the Court may grant relief pursuant to Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect" or under subsection (b)(6), which provides relief for any other justifiable reason. "In order to obtain relief from a default judgment on the ground that the default was caused by inadvertent and excusable mistake and erroneous belief, a party must show that he had an acceptable excuse for lapsing into default." ***Central Operating Co. v. Utility Workers of America, AFL-CIO***, 491 F.2d 245, 252 (1974). Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time," that is, "no more than one year after the entry of the judgment" for reasons based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(c)(1). This Court notes the instant motion was timely filed.

3

IV. <u>Discussion</u>

    A. Setting Aside a Default Judgment Pursuant to Rule 55(c)

In support of its motion, Chase argues it was not properly served. This Court agrees. West Virginia Code § 56-3-33(c) outlines when and how service is perfected by the West Virginia Secretary of State. Specifically:

> Service shall be made by leaving the original and two copies of both the summons and the complaint, and the fee required by section two, article one, chapter fifty-nine of this code with the Secretary of State, or in his or her office, and such service shall be sufficient upon such nonresident: ***Provided,*** **That notice of such service and a copy of the summons and complaint shall forthwith be sent by registered or certified mail, return receipt requested, by a means which may include electronic issuance and acceptance of electronic return receipts, by the Secretary of State to the defendant at his or her nonresident address and the defendant's return receipt signed by himself or herself or his or her duly authorized agent or the registered or certified mail so sent by the Secretary of State which is refused by the addressee and which registered or certified mail is returned to the Secretary of State, or to his or her office, showing thereon the stamp of the post office department that delivery has been refused**. After receiving verification from the United States postal service that acceptance of process, notice or demand has been signed, the Secretary of State shall notify the clerk's office of the court from which the

process, notice or demand was issued by a means which may include electronic notification. If the process, notice or demand was refused or undeliverable by the United States postal service the Secretary of State shall return refused or undeliverable mail to the clerk's office of the court from which the process, notice or demand was issued. If any defendant served with summons and complaint fails to appear and defend within thirty days of service, judgment by default may be rendered against him or her at any time thereafter. The court may order such continuances as may be reasonable to afford the defendant opportunity to defend the action or proceeding.

West Virginia Code § 56-3-33(c) (Emphasis Added).

This statute provides that service is effective when made upon the Secretary of State **and** the secretary of State has forwarded the Summons to the party to be served **and** that party has either signed and accepted service or refused to accept service. Accordingly, undelivered or undeliverable mail sent by the West Virginia Secretary of State does not meet the requirements of effective service. In this case, however, the return envelope indicates "Box Closed-No Order." This is not proper service because it was not returned as signed or refused.

In considering the applicable factors outlined by the Fourth Circuit, this Court has considered the following factors it finds applicable to this set of facts: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; and (4) the prejudice to the non-defaulting party.

I.   Meritorious Defense

Several Federal Courts have examined the issue of meritorious defenses.  Courts have held that a supporting affidavit must require specificity.  The affidavit complies with the requirements imposed by the Southern District of West Virginia in **Federal Deposit Insurance Corp. v. Spartan Mining Co., Inc.**, 96 F.R.D. 677 (S.D. W. Va. 1983), affirmed 731 F.2d 1134.  The Fourth Circuit has required a proffer of evidence sufficient to "permit a finding for the defaulting party."  **Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.**, 834 F.2d 808, 812 (4th Cir. 1988).  The Court need not find that a defense will be ultimately persuasive.  **American Alliance Ins. Co. v. Eagle Ins. Co.**, 92 F.3d 57, 61 (2d Cir. 1996).  In this case, Chase need only show that the evidence proffered constitutes a complete defense.  **Whelan v. Abell**, 48 F.3d 1247 (D.C. Cir. 1995); **Enron Oil Corp. v. Diakuhara**, 10 F.3d 90, 98 (2d Cir. 1993).

Mr. Elkins' deed of trust and note requires that he maintain homeowners insurance in favor of the mortgagee, in this case Chase.  There appears to be some question of whether or not Mr. Elkins properly maintained insurance, the effect of that failure on the policy and whom should receive the proceeds.  Chase contends that it is entitled to its security interest in the proceeds by virtue of the obligations Mr. Elkins agreed to as outlined in the note and deed of trust.  Moreover, Chase argues that Mr. Elkins is indebted to it rather than Washington Mutual, and that his home is security for that debt.  As such, chase argues a defense/argument exists that Chase as owner of Mr. Elkins' loan is entitled to all or a portion of the proceeds as required by the deed of trust and note.

II. Reasonable Promptness

As previously noted, Chase has filed the instant motion to vacate approximately one month after this Court's entry of default judgment. Accordingly, this Court finds this consideration weighs in favor of Chase.

III. Personal Responsibility of the Defaulting Party

In this case, exceptional circumstances exist because the real party in interest, Chase, was not provided proper service and thus had no opportunity to defend.

IV. Prejudice Against the Non-moving Party

This Court finds that vacating the default judgment will not prejudice Defendant Elkins or any party. Recently, Plaintiff Nationwide stated that it takes no position regarding whether default judgement should be set aside. See Doc. 26. This Court notes that this matter is in its infancy, and no funds would have been distributed to Mr. Elkins immediately due to his current incarceration. This Court finds that a review of the merits in this case would best serve the interests of justice for all parties concerned.

B. Setting Aside Default Judgment Pursuant to Rule 60(b)(1)

"On motion and just terms, the court may relieve a party from a final judgment . . . for mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This Court finds the above analysis provides sufficient showing that Defendant Chase's failure to file a responsive pleading was a result of inadvertent and excusable mistake and erroneous belief, i.e., improper service of process, that is tantamount to an "acceptable excuse for lapsing into default." **Central Operating Co. v. Utility Workers of America, AFL-CIO**, 491 F.2d 245

V.      Conclusion

Based upon the forgoing, JP Morgan Chase Bank, NA's Motion to Vacate Default Judgment **[Doc. 23]** is hereby **GRANTED**. As such, this Court hereby **VACATES** its July 28, 2010, Order **[Doc. 22]**, which granted default judgment in favor of Defendant Elkins. As a result, this Court **ORDERS** that the sum of $99,630.36, which was previously Ordered to be paid to the GAL, shall remain on this Court's registry until such time that this matter is resolved on the merits.

As a final matter, the plaintiff is hereby **ORDERED** to properly perfect service upon Chase. Upon receipt of proper service, Defendant Chase shall defend the allegations contained in the Plaintiff's Complaint or the Answer of the GAL for Defendant Chalmer G. Elkins.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** September 8, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

8